**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

LINDA STONE,                   :       No. 3:14cv306
        **Plaintiff**          :
                         :       **(Judge Munley)**
      **v.**                     :
                         :
TROY CONSTRUCTION, LLC,   :
        **Defendant**      :

## MEMORANDUM

Before the court for disposition is plaintiff's motion for conditional certification of a collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) (hereinafter "FLSA") and certification of a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. (Doc. 28). The motion has been fully briefed and is ripe for disposition. For the reasons stated below, the court will grant plaintiff's motion.

**Background**

Defendant Troy Construction, LLC (hereinafter "defendant") is a construction company based in Texas. (Doc. 29-1, Pl.'s Statement of Facts (hereinafter "SOF") ¶ 2).[1] Plaintiff Linda Stone, a resident of

---

[1] Plaintiff submitted a Statement of Facts in support of her motion for collective and class certification. (Doc. 29-1). Defendant did not file a counter statement of facts, nor has it refuted plaintiff's facts in briefing on this motion. Accordingly, we assume plaintiff's version of the facts as submitted to be true for the purposes of deciding this motion.

Susquehanna County, Pennsylvania, worked as an unskilled laborer at

defendant's job sites in Susquehanna County for a three month period in

2013.  (Id. ¶¶ 45, 35).  Plaintiff regularly worked more than forty hours per

week, as her schedule required her to work from 6 a.m. to 6 p.m., Monday

through Saturday, and every other Sunday.  (Doc. 29-8, Aff. of Linda Stone

¶ 11).

    During this time, in addition to her hourly salary, she received a per

diem of $109.00 per day.  (Id. ¶ 39).  Defendant treated these payments as

reimbursements of expenses rather than wages, despite the fact that

plaintiff incurred no expenses on behalf of the defendant.  (Id. ¶¶ 27, 47).

Consequently, the defendant did not include the per diem amount in

plaintiff's regular rate of pay for the purposes of determining her overtime

rate.  (Id. ¶ 48).  As a result of that exclusion, plaintiff alleges defendant

underpaid her.  (Doc. 29-4, Dep. of Dan O'Hare ¶¶ 48, 49).

    Plaintiff filed the instant action on February 19, 2014.  (Doc. 1).

Plaintiff raises claims under the FLSA, the Pennsylvania Minimum Wage

Act ("PMWA"), and the Pennsylvania Wage Payment and Collection Law

("PWPCL").  Id.  Plaintiff alleges that defendant's company-wide policy and

practice from February 2011 through the present has been to pay per

2

diems to the vast majority of its non-exempt, hourly employees.  (SOF

¶¶ 3-5).  The parties agreed to engage in an initial phase of discovery

limited to class issues prior to the court ruling on plaintiff's then-anticipated

Rule 23 and FLSA conditional certification motion.  (Doc. 11 at 6).  Plaintiff

filed the instant motion on March 16, 2015, and the parties have fully

briefed the issues.

**Jurisdiction**

The instant suit is brought under the FLSA, which provides that suit

"may be maintained against any employer . . . in any Federal or State court

of competent jurisdiction . . . ."  29 U.S.C. § 216(b).  Accordingly, the court

has federal question jurisdiction.  <u>See</u> 28 U.S.C. § 1331 ("The district

courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States.")  The court has

supplemental jurisdiction over plaintiff's state law PMWA and PWPCL

claims pursuant to 28 U.S.C. § 1367(a).  ("[I]n any civil action of which the

district courts have original jurisdiction, the district courts shall have

supplemental jurisdiction over all other claims that are so related to claims

in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution.").

3

**Discussion**

Plaintiff seeks conditional certification of a collective action under the FLSA and class certification for her PMWA and PWPCL claims under Rule 23. The court will address plaintiff's FLSA and Rule 23 certification issues separately.

**I. FLSA**

The FLSA mandates that employers pay their employees for all hours worked, including a minimum of one and a half times their regular rate of pay for each hour over forty per week. See generally 29 U.S.C. § 201, *et seq*. The FLSA provides a private right of action to recover for violations of the FLSA, including a collective action.[2]

Two requirements must be met to maintain an FLSA collective action: (1) plaintiff must be similarly situated to the collective action group; and (2)

---

[2] The FLSA specifically provides that:

> An action to recover [for violations of the FLSA] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

collective action group members, or "opt-in" plaintiffs, must file a written notice of consent with the court.  29 U.S.C. § 216(b).  Section 216(b) does not define "similarly situated," although the phrase contemplates individuals "employed under the same terms and conditions."  2 Les A. Schneider & J. Larry Stine, Wage &Hour Law: Compliance & Practice § 20.19.50.

To determine whether a plaintiff is similarly situated to the proposed collective action group, district courts in this circuit have developed and applied a two-step approach.[3]  See, e.g., Morisky v. Pub. Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 497 (D.N.J. 2000).  These two steps are: (1) to determine whether employees in the complaint are similarly situated to the plaintiff; and (2) to determine whether the plaintiffs who have opted in are similarly situated to the plaintiff.  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 192 (3d Cir. 2011), rev'd on other grounds,133 S. Ct. 1523 (2013)); Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 537 (3d Cir. 2012).  The first step usually occurs early in the litigation when the court

---

[3] The Third Circuit Court of Appeals has noted that this two-tier approach, while "nowhere mandated, . . . appears to have garnered wide acceptance."  Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 n.5 (3d Cir. 2011), rev'd on other grounds, 133 S. Ct. 1523 (2013).   The Symczyk court implicitly embraced this two-step approach and affirmed its use.  Id.

has minimal evidence.  The second step occurs after discovery is complete, typically prompted by the defendant's motion for decertification.

At issue in this case is step one.[4]  In articulating the standard to be applied at this initial stage, the Third Circuit has adopted the "modest factual showing" standard.  Zavala, 691 F.3d at 536.  Under this standard, "a plaintiff must produce some evidence, 'beyond pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Symczyk, 656 F.3d at 193 (internal citations omitted).

Plaintiff proposes an FLSA class consisting of non-exempt employees who, within the past three years, permanently resided within fifty miles of their worksite and received at least one per diem in a workweek in which they worked over forty hours.  (Doc. 33 at 11).[5]  After a

---

[4] Defendant contends that because the parties have already conducted some limited discovery the court must skip ahead to step two of the analysis.  (See generally Doc. 32, Def.'s Opp'n Br.).  This is incorrect. Step two is used "to determine whether the **plaintiffs who have opted in** are similarly situated to the plaintiff."  Symczyk, 656 F.3d at 192 (emphasis added).  Clearly, the court cannot determine whether the opt-in plaintiffs are similarly situated until opt-in plaintiffs are notified and given an opportunity to opt in.  Thus, we apply the step one analysis at this stage.

[5] The parties contested the definition of the class.  Defendant argued that plaintiff's original proposed class was overbroad, and defendant submitted the above definition as a compromise in her reply brief.

6

careful review of the evidence, the court will adopt this class definition. Accordingly, the court must determine whether plaintiff has established a modest factual showing that other non-exempt employees have suffered similar FLSA violations.

Plaintiff's evidence establishes the existence of a nexus of facts common to herself and the putative class with evidence gleaned primarily from testimony from defendant's 30(b)(6) corporate designee, Dan O'Hare (Docs. 29-4, 29-5), and supported by defendant's responses to interrogatories (Doc. 29-6), plaintiff's affidavit (Doc. 29-8), and plaintiff's pay stubs and payroll authorization (Docs. 29-9, 29-10).

In sum, the evidence presented establishes the following:

1. Defendant automatically paid a per diem to class members nationwide, including plaintiff.  (SOF ¶¶ 3-6).

2. Defendant paid per diems without regard for whether the employee incurred any expenses solely for defendant's benefit.  (SOF ¶¶ 21, 23-26).

3. The per diem paid was a standard amount, regardless of where the work site was located or whether the employee resided in the job site area.  (SOF ¶¶ 19-26).

4. In January 2014, defendant began paying taxable per diems to class members who resided within fifty miles of their respective job sites. (SOF ¶¶ 29-31, 34).

5. At no time during the relevant period did defendant include the per diem paid to any of members of the proposed class in their regular rate of pay.  (SOF ¶¶ 28, 32).

The court's task is simply to determine whether the plaintiffs have produced some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected them and the manner in which it affected other employees.  See Outlaw v. Secure Health L.P., No. 3:11-CV-602, 2012 WL 3150582 at *3 (M.D. Pa. Aug. 2, 2012) (stating that courts that apply the modest factual showing standard are nonetheless careful not to delve into the merits of the case . . . .).  Plaintiffs have produced sufficient evidence to satisfy the modest factual showing standard and have established the required factual nexus.

As such, the court will grant plaintiff's motion for conditional certification of an FLSA class of similarly situated, non-exempt employees who resided within fifty miles of their work site and received at least one per diem in a week in which they worked over forty hours.

8

**II. Rule 23**

Plaintiff also seeks to proceed with a class action pursuant to Federal

Rule of Civil Procedure 23, with herself as class representative.  Plaintiff

seeks to certify a Rule 23 class consisting of non-exempt employees who,

within the past three years, permanently resided within fifty miles of their

worksite in Pennsylvania and received at least one per diem in a workweek

in which they worked over forty hours.  (Doc. 33 at 11).  Rule 23 provides:

One or more members of a class may sue or be sued as

representative parties on behalf of all only if

(1) the class is so numerous that joinder of all members is
impracticable,
(2) there are questions of law or fact common to the class,
(3) the claims or defenses of the representative parties are
typical of the claims or defenses of the class, and
(4) the representative parties will fairly and adequately protect
the interests of the class.
FED. R. CIV. P. 23(a).

The plaintiff must establish these four prerequisites.  Johnston v.

HBO Film Mgmt., Inc., 265 F.3d 178, 183 (3d Cir. 2001).  A class may be

certified only if the court is "'satisfied, after a rigorous analysis, that the

prerequisites of Rule 23(a) have been satisfied.'"  Beck v. Maximus, Inc.,

457 F.3d 291, 297 (3d Cir. 2006) (quoting Gen. Tel. Co. Sw. v. Falcon, 457

U.S. 147, 161 (1982)).  In addition to establishing the prerequisites under

9

Rule 23(a), a plaintiff who seeks to proceed as a class representative must also establish that the case is maintainable as a class action under one of the three subsections to Rule 23(b).  We address Rules 23(a) and (b) separately.

## A. Rule 23(a)

Plaintiff contends that this case is appropriate for class status because all four requirements of Rule 23(a) are satisfied.  Defendant disputes that plaintiff has established any of the four prerequisites.  After careful review, we agree plaintiff has satisfied Rule 23(a)'s four requirements.

## 1. Numerosity

Plaintiff must first establish that the class is so numerous that joinder of all members is impracticable.  FED. R. CIV. P. 23(a).  The law provides no minimum number of plaintiffs to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds forty, the first prong of Rule 23(a) has been met.  Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001), cert. denied, 536 U.S. 958 (2002).  Thus, to establish numerosity, plaintiff must demonstrate the number of people in the proposed class.

Plaintiff points to the deposition testimony of defendant's 30(b)(6)

witness, Dan O'Hare, to allege that at least 200 potential class members

were employed in Pennsylvania by defendant during the relevant period.

(Doc. 29-1 ¶ 6).  Defendant concedes that the number of employees in

plaintiff's Pennsylvania class could number as high as 200.  Thus, under

Stewart v. Abraham, the numerosity requirement has been met.

## 2. Commonality

The next prerequisite that the plaintiff must establish pursuant to

Rule 23(a) is commonality. To establish this element, the plaintiff must

demonstrate questions of law and fact common to the class.  FED. R. CIV.

P. 23(a).

Plaintiff argues that a common issue of law, applicable to all potential

class members, exists with respect to whether the per diems were

unlawfully excluded from the regular rate of pay when calculating overtime.

The common issues of fact arise from defendant's policy of paying per

diems to all class members without regard for whether they had actually

incurred expenses on behalf of their employer.  Plaintiff again submits

defendant's agent's testimony in support of the allegation that defendant

maintained a company-wide policy of paying per diems in this manner and

excluding them from the regular rate.

Defendant counters that to prove such claims, each class member

would have to present individual evidence, negating commonality for the

purposes of Rule 23.  After careful consideration, we find that plaintiff has

established commonality.  The issues and facts are sufficiently common

across the proposed class to be litigated in a Rule 23 action.  Any

individual damages the class plaintiffs claim can be proved by simple

paystubs and affidavits, and can be countered by defendant with standard

records kept in the regular course of business.  The crux of the matter is

the company-wide policy, applied in a uniform manner to all potential class

members, and the common questions of law as to its application.

### 3. Typicality

The third class action certification prerequisite is that the class

representative's claims or defenses must be typical of the claims or

defenses of the class.  FED. R. CIV. P. 23(a)(3).  This element is referred to

as typicality.  The Court of Appeals for the Third Circuit has described

typicality as follows:

> The typicality inquiry is intended to assess whether the action
> can be efficiently maintained as a class and whether the named

plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented . . . .  The typicality criterion is intended to preclude certification of those cases where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that the common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees . . . .  Typicality entails an inquiry whether the named plaintiff's individual circumstances are markedly different or the legal theory upon which the claims are based differs from that upon which the claims of other class members will perforce be based. Commentators have noted that cases challenging the same unlawful conduct which affects both the named plaintiffs and the putative class usually satisfy the typicality requirement irrespective of the varying fact patterns underlying the individual claims. Actions requesting declaratory and injunctive relief to remedy conduct directed at the class clearly fit this mold. Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.

Baby Neal for and by Kanter v. Casey, 43 F.3d 48, 57-58 (internal citations and quotation marks omitted).

In the instant matter, plaintiff has established that her claims are typical of those of the putative class.  Plaintiff is similarly situated to other class members in that they were all paid a per diem that was excluded from their regular rate of pay, and all worked over forty hours but were paid less than they would have been had the per diems been included.  As the claims are identical and the class members are all similarly situated,

plaintiff's interests are aligned with those of the class, and the typicality

requirement is fulfilled.

### 4. Adequacy of representation.

The final prerequisite of Rule 23(a) is that the class representative

fairly and adequately protect the interests of the class.  FED. R. CIV. P.

23(a)(4).  This element serves to uncover conflicts of interest between

named parties and the class they seek to represent.  It also functions as a

catch-all requirement that tends to merge with the commonality and

typicality criteria of Rule 23(a).  Newton v. Merrill Lynch, Pierce, Fenner &

Smith, Inc., 259 F.3d 154, 185 (3d Cir. 2001).  Together with the

commonality and typicality prerequisites, the adequacy requirement serves

as a guidepost for determining whether maintenance of a class action is

economical and whether the named plaintiff's claim and the class claims

are so interrelated that the interests of the class members will be fairly and

adequately protected in their absence.  Amchem Prods., Inc. v. Windsor,

521 U.S. 591, 626, n.20 (1997).

More specifically, the adequacy prerequisite involves two distinct

inquiries that are designed to protect the interests of absentee class

members.  First, the adequacy of representation inquiry examines the

qualifications of the counsel to represent the class.  Second, it serves to

uncover any conflicts of interest between the named parties and the class

they seek to represent.  In re Prudential Ins. Co. of Am. Sales Practices,

148 F.3d 283, 312 (3d Cir. 1998), cert. denied sub nom., Krell v. Prudential

Ins. Co. of Am., 525 U.S. 1114 (1999).

Step one of this inquiry is satisfied in this case, where plaintiff's

counsel possesses substantial litigation experience, including large and

complex class actions.  (Doc. 29- 11, Swidler Decl.).  Defendant does not

dispute plaintiff's counsel's experience and credentials.

Instead, defendant argues that because plaintiff's interests are

necessarily antagonistic to at least some class members, she cannot

possibly satisfy the second prong of the adequacy analysis.  Defendant

posits that plaintiff's interests run counter to those of any potential class

member who properly received per diems.  Defendant's logic fails to

account for the obvious fact that any employee who **properly** received per

diems would have no claim against defendant.  Such class members have

suffered no damages and have suffered no wrong in need of righting, so

plaintiff cannot possibly harm their interests by pursuing her claims on

behalf of those class members who have been shortchanged in their

15

overtime payments.  We therefore find that plaintiff has satisfied the fourth and final element of Rule 23(a).

## B. Rule 23(b)

In addition to establishing the prerequisites under Rule 23(a), a plaintiff who seeks to proceed as a class representative must also establish that the case is maintainable as a class action under at least one of the three subsections to Rule 23(b).  Plaintiff contends she has satisfied the requirements of parts (2) and (3), both of which defendant contests. We address Rule 23(b)(3) first.

Two requirements must be met for a class to be certified under Rule 23(b)(3): (1) common questions of law or fact must predominate over any questions affecting only individual members, and (2) class resolution must be superior to other available methods for fairly and efficiently adjudicating the controversy.  Amchem Prods., Inc. v. Windsor, 521 U.S. at 613.  The Rule sets forth factors relevant to this inquiry: (a) class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating litigation of the claims in the particular

16

forum; (d) the likely difficulties in managing a class action.  Id. at 615-16.

The Supreme Court has articulated that the dominant goal of Rule 23(b)(3)

class actions is to "[vindicate] the rights of groups of people who

individually would be without effective strength to bring their opponents into

court at all."  Id. at 617 (internal quote and citation omitted).  The Court

elaborated:

> The policy at the very core of the class action mechanism is to
> overcome the problem that small recoveries do not provide the
> incentive for any individual to bring a solo action prosecuting
> his or her rights.  A class action solves this problem by
> aggregating the relatively paltry potential recoveries into
> something worth someone's (usually an attorney's) labor.

Id. (internal quote and citation omitted).

Plaintiff argues that the common questions predominate over

individual issues in this case, and we agree.  This case turns on a

company-wide policy, equally applicable to all class members.  At this

stage in the case, plaintiff has presented sufficient evidence that the policy

was generally applicable, and that individual damages can be proven or

disproven quite easily by defendant's payroll records.  Thus, the legal

issues in this case are entirely common, and the common factual issues

predominate over the individual.  Further, the predominance of common

issues of law and fact means that no one individual class member has any

17

greater interest in controlling the litigation than another, and that a class action is the most efficient means to resolve the dispute.[6]

**Conclusion**

For the reasons stated above, and pursuant to the FLSA, the court will grant plaintiffs' motion for the certification of an FLSA class consisting of non-exempt employees of defendant who, within the past three years, permanently resided within fifty miles of their worksite and received at least one per diem in a workweek in which they worked over forty hours, and a Rule 23 class of the same employees, but limited to those working in Pennsylvania. An appropriate order follows.

**Date:** <u>12/1/15</u>                                   <u>s/ James M. Munley</u>
                                                                  **JUDGE JAMES M. MUNLEY**
                                                                  **United States District Court**

---

[6] Because we have determined to certify the class action under Rule 23(b)(3), we will not discuss whether this case could also qualify for certification under Rule 23(b)(2). Defendant has raised legitimate questions regarding the availability of injunctive relief in this matter, however, those issues have not been fully briefed, and would more properly be examined after discovery has been conducted, at the summary judgment stage or on a motion to decertify. Ultimately, the issue may prove inconsequential, as any judgment on the damages claims either for or against defendant will determine the issue of liability, and bring about the same effect as an injunction. In any event, mindful of the different notice requirements provided to Rule 23(b)(2) and 23(b)(3) class actions under Rule 23(c)(2), we will order that notice be effected in accordance with both Rules 23(c)(2)(A) and (B).