# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA STONE, et al., | : | No. 3:14cv306 |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TROY CONSTUCTION, LLC, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition are several motions in this class action lawsuit dealing with the payment of overtime wages. The first is a motion by the defendant for summary judgment on Counts I and III of plaintiffs' complaint. The second is a motion by the plaintiffs for partial summary judgment on the issue of liability. The third is a motion by the defendant to decertify this Fair Labor Standards Act collective action and Rule 23 class action. Given the substantial overlap between the filings, we will integrate the motions and address them accordingly.

**Background**

Defendant Troy Construction (hereinafter "Troy" or "defendant") is a construction company, which builds and maintains, *inter alia,* oil and gas pipelines and compressor stations. (Doc. 106-1, Def.'s Statement of

Uncontested Facts (hereinafter "SOF") ¶¶ 1-2).[1] This business is itinerant in nature with employees traveling from worksite to worksite. (Id. ¶ 3). Many of Troy's employees travelled from their homes in other states to work on projects for Troy. (Id. ¶ 5). Some of defendant's employees, however, live near the worksites and work there until the project is complete and do not follow defendant to a new worksite. (Doc. 113, Pl.'s Response to Def.'s SOF ¶ 3).

Plaintiff Linda Stone (hereinafter "plaintiff" or "named plaintiff") worked for defendant commencing in January 2013. (Doc. 106-1, SOF ¶ 8). Plaintiff, a resident of Montrose Pennsylvania, worked at defendant's "shop" in Montrose, Pennsylvania and also as a "spotter" at defendant's Northeast Compressor Station project in Hallstead, Pennsylvania.[2] (Id. ¶¶ 10, 11). Plaintiff did not enter into a written contract with defendant and defendant did not provide her an employee handbook. (Id. ¶ 12). She served as an "at-will" employee. (Id.)

Because some of its employees permanently resided in other states and traveled to work for defendant, defendant paid "non-exempt"[3] employees daily

---

[1] For this background section, we will cite to defendant's statement of uncontested facts. We will cite only to those facts with which the plaintiff generally agrees.

[2] Both parties spell "Hallstead" with only one "l". The court takes judicial notice that the correct spelling of the town's name includes two.

[3] That is employees who were not exempt from the overtime compensation as required by the Fair Labor Standards Act.

2

per diems for expenses such as travel, meals and lodging. (Id. ¶ 13). Plaintiff, and other employees who resided less than fifty (50) miles from the defendant's worksites received the per diem payments also. (Id. ¶ 14).

In March 2013, defendant terminated plaintiff's employment. (Id. ¶ 15). Subsequently, she filed the instant class and collective action on behalf of herself and all other similarly situated employees. Plaintiff Linda Stone formerly worked for Defendant Troy for a total of eight (8) weeks on a pipeline project in Montrose, Pennsylvania. She filed the instant wage and hour lawsuit on February 19, 2014. Plaintiff asserts that the payment of the "per diem" to her was not to reimburse her for expenses but was actually part of the wages she received. When determining plaintiff's overtime rate of pay, the defendant did not take into consideration the "per diem" that she was paid. This resulted in a dilution of the overtime rate of pay; that is, the overtime rate was not as high as it should have been according to the plaintiff.

Accordingly, plaintiff raises the following causes of action: Count I – violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; Count II –violation of the Pennsylvania Minimum Wage Act, 43 PENN. STAT. § 333.101, et seq.; and Count III –violation of the Pennsylvania Wage Payment & Collection Law, 43 PENN. STAT. § 260.1 et seq. The federal Fair Labor Standards Act claim

is brought as a collective action, and the two Pennsylvania Wage Law claims are brought as a class action under Rule 23 of the Federal Rules of Civil Procedure.

**Jurisdiction**

As this case is brought pursuant to the federal Fair Labor Standards Act, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(C)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

4

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

The parties have each filed motions for summary judgment. Additionally, the defendant has filed a motion to decertify this Fair Labor Standards Act collective action and Rule 23 class action. A review of the motions reveals that

this case hinges on the statute of limitations that will be applied. Because this issue will affect all of the subsequent issues before us, we will address it first.

## I. Count I- FLSA: Statute of Limitations

Count I of plaintiffs' complaint asserts a cause of action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (Doc. 1, Compl. ¶¶ 63-70). Under the Fair Labor Standards Act (hereinafter "FLSA"), an employer must pay overtime at a rate of 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week. Both parties have moved for summary judgment on this claim. First and foremost, as noted above, the defendant contends that we need not even consider the merits of this claim, because it is time-barred by the statute of limitations. Plaintiffs argue that not only is the claim timely for statute of limitations purposes, but summary judgment is appropriate on this count because the record clearly establishes a violation of the FLSA.

The law provides that FLSA claims must be commenced within two years after the cause of action accrued, or within three years if the cause of action arises out of a willful violation. 29 U.S.C. § 255(a). Here, the parties dispute: (1) whether the two-year statute of limitations or three-year statute of limitations applies; (2) when the cause of action accrued; and (3) when this lawsuit is deemed by the court to have commenced. We will address these issues in turn.

### A. Two-Year or Three-Year Statute of Limitations

First, we address whether a two-year or three-year statute of limitations is applicable in this case. As noted above, the FLSA provides a two-tiered statute of limitations. Generally, the limitations period is two years, but it is three years for a willful violation. 29 U.S.C. § 255(a). Plaintiffs argue that we must find that a three-year statute of limitations applies, because the cause of action arises out of a willful violation, as alleged in plaintiff's complaint. In response, defendant argues that although plaintiffs alleged a willful violation of the FLSA (which, the defendant concedes if proven, would establish a three-year statute of limitations period), the allegation is meritless and therefore insufficient to automatically extend the statute of limitations. It is thus the defendant's position that even if a plaintiff alleges that a defendant willfully violated the FLSA, a named plaintiff's FLSA claim is time-barred if she commences a lawsuit after the FLSA's two-year statute of limitations period.

We agree with the defendant that a simple allegation of willful misconduct is insufficient to extend the statute of limitations from two to three years. While keeping in mind that Congress crafted a two-tiered statute of limitations for these claims in order to allow more leniency in filing for willful violations, we find that extending a statute of limitations based solely on a potentially meritless allegation is not harmonious with Congress's intent. Such a holding would unjustly benefit

7

any plaintiff looking to evade the two-year time bar. As such, we find that to warrant application of the three-year statute of limitations, plaintiffs need to point to sufficient facts to support the position that the defendant willfully violated the statute, i.e. that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin v. Richland Shoe Co., 486 U.S. 128, 130 (1988).

A careful review of the record reveals that there are insufficient facts for a factfinder to reasonably conclude that the defendant's conduct amounts to something more than an ordinary FLSA violation. As the plaintiffs themselves point out, "[A]n employer has not willfully violated the FLSA if it acts reasonably in determining its legal obligation." Pignataro v. Port Auth. Of New York and New Jersey, 593 F.3d 265, 273 (3d Cir. 2010). Courts have found that even where an employer was mistaken about the FLSA's terms, absent something more, this conduct is neglectful and not willful. Reich v. Gateway Press, Inc., 12 F.3d 685, 702-03 (3d Cir. 1995) (concluding that the employer did not willfully violate the FLSA when it instructed employees not to fill out more than 40 hours on weekly time cards based on an erroneous interpretation of the FLSA).

Here, the plaintiffs have not presented sufficient evidence that the defendant acted willfully in violation of the FLSA. The sole evidence that plaintiffs point to is a 2014 policy change at Troy that determined that per diems paid to

employees that permanently resided less than 50 miles from their Troy worksite were to be considered wages for tax purposes. (Doc. 123, Pl.'s Br. in Supp. at 20). Plaintiffs argue that despite changing its policy in 2014 to acknowledge that the per diem pay earned by plaintiffs were wages for tax purposes, the defendant continued to exclude the per diem pay when calculating plaintiffs' regular rates of pay. Plaintiffs contend that this demonstrates willfulness on the part of the defendant. The defendant rebuts this argument with a contention that Troy made this policy change based on advice from its accountants, and that it did not think that the change would implicate the FLSA. The defendant argues that this change alone is insufficient to establish willfulness. We agree with the defendant.

Further, the parties agree that the defendant's per diem policy did not per se violate the FLSA, rather the dispute is whether it violated the FLSA as it pertained to certain local employees. Defendant Troy paid out-of-state employees daily per diems as reimbursement for lodging and meal expenses that they incurred while traveling away from their permanent residences; the parties appear to agree that excluding per diem when calculating overtime rates for these employees is acceptable under the statute. We find this to be significant, as it is apparent that the defendant knew that it must comply with the FLSA. Plaintiff has presented no evidence that the defendant acted unreasonably in determining its obligations.

9

As such, we find that the applicable statute of limitations in this case is two years.

**B. Date the Cause of Action Accrued**

Next, the parties dispute when the cause of action giving rise to this lawsuit accrued. The defendant contends that the cause of action accrued the day plaintiff was terminated from her employment. Plaintiff argues that "a new and separate cause of action for unpaid overtime wages accrued on each payday on which Defendant failed to pay [plaintiff] proper wages." (Doc. 114, Pl.'s Br. in Supp. at 9). We agree with the plaintiff.

The law provides that a separate cause of action for overtime compensation accrues at "each regular payday immediately following the work period during which the services were rendered and for which the overtime compensated is claimed." Mitchell v. Lancaster Milk Co., 185 F. Supp. 66, 70 (M.D. Pa. 1960); see also Balzano v. Twp. of North Bergen, 649 F. Supp. 807, 810 (D.N.J.1986); Angulo v. Levy Co., 568 F. Supp. 1209, 1215 (N.D. Il.1983) (citations omitted); Shandelman v. Schuman, 92 F. Supp. 334, 335 (E.D. Pa.1950). Thus, Plaintiff's claim "for overtime compensation accrued at each payday after the alleged overtime was worked." Angulo, 568 F. Supp. at 1215. Here, the plaintiff alleges she was underpaid overtime compensation on the following dates: January 18, 2013; January 25, 2013; February 1, 2013; February

8, 2013; February 15, 2013; February 22, 2013; February 28, 2013; March 8, 2013; and March 15, 2013.[4] (Doc. 20, Pl.'s SOF ¶ 20). Thus, we find that a separate cause of action accrued on each one of the aforementioned dates.

**C. Date the Lawsuit Commenced**

The final dispute between the parties on the issue of statute of limitations concerns the date on which this lawsuit commenced. The defendant argues that plaintiff's claim is time-barred because this action commenced upon the filing of plaintiff's consent-to-sue form, which was more than three years after any of the above-mentioned pay dates. Consent-to-sue forms are required in collective actions such as this one; a litigant may not be a party plaintiff unless he or she gives her written consent to do so. See Knepper v. Rite Aid Corp., 675 F.3d 249, 253 (3d Cir. 2012). Plaintiff, on the other hand, argues that the action did not commence upon the filing of her consent-to-sue form; rather, she argues that this action commenced upon the filing of her sworn affidavit in support of her motion for FLSA conditional certification.

Under the FLSA, an action:

> [S]hall be considered to be commenced on the date when the
> complaint is filed; except that in the case of a collective or
> class action instituted under the Fair Labor Standards Act of

---

[4] Plaintiff alleges in her complaint that the defendant failed to pay her proper overtime wages during each of the nine workweeks for which she received wages. (Doc. 1, Compl. ¶ 57).

11

> 1938, as amended . . . it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.

The FLSA is unambiguous: "if you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you're not a party." Harkins v. Riverboat Servs., Inc., 385 F.3d 1099, 1101 (7th Cir. 2004). This consent requirement applies even to named plaintiffs. Mendez v. Radec, Corp., 260 F.R.D. 38, 52 (W.D.N.Y. 2009). The above-quoted section of the FLSA also makes clear that collective actions under the FLSA are not considered **commenced** as to an individual claimant until that written consent is filed. In the instance in which a written consent is not filed concurrently with the complaint, therefore, the action is not considered commenced until the subsequent date on which the written consent is filed. 29 U.S.C. § 256(b). The statute provides no further guidance regarding the practicalities surrounding the form of the requirements. Thus, we now must consider what sufficiently constitutes plaintiff's written consent.

As noted above, the defendant argues that only plaintiff's consent-to-sue form is sufficient to demonstrate plaintiff's written consent, which was not filed until March 22, 2016. The plaintiff argues that her sworn affidavit in support of her motion for FLSA conditional certification should be sufficient, as it "manifests [her] clear intent to be a party plaintiff." (Doc. 114 at 10). Here, plaintiff's sworn affidavit was filed on March 30, 2015.

Courts have shown considerable flexibility in what constitutes "written consent" as long as the signed document indicates consent to join the lawsuit. See Manning v. Gold Belt Falcon, LLC, 817 F. Supp. 2d.451, 454 (D.N.J. 2011); Ketchum v. City of Vallejo, No. Civ. S-05-1098, 2007 WL 4356137, *2 (E.D. Cal. Dec. 11, 2007). In some cases, especially where the issue involves a named plaintiff, such plaintiffs have been deemed to have manifested consent, even though they did not submit the specific form approved by the Court. See, e.g., Mendez, 260 F.R.D. at 52 (finding an affirmation submitted by a named plaintiff was sufficient to satisfy the consent requirement).

In this case, however, the sworn affidavit submitted by the plaintiff does not clearly or expressly indicate her understanding that she was consenting to be a plaintiff in this collective action under the FLSA. (See Doc. 29-8, Pl.'s Sworn Affidavit). In fact, the sworn affidavit does not refer to a lawsuit, nor does it mention any violations of the FLSA. This document is merely a reiteration of facts

surrounding plaintiff's employment. Accordingly, we conclude that plaintiff's sworn affidavit does not satisfy the written consent requirement. This lawsuit is deemed to have commenced on March 22, 2016, the day plaintiff filed her consent-to-sue form.

### D. SOL Conclusion

We find that the applicable statute of limitations on plaintiffs' FLSA claim is two years. The last cause of action giving rise to this lawsuit accrued on March 15, 2013. This lawsuit commenced on March 22, 2016. Because more than two years passed between the time the cause of action accrued and the date the lawsuit commenced, we find that the plaintiffs' FLSA claim is time-barred. Accordingly, we will dismiss this claim.

## II. Remaining Claims

As we noted above, our jurisdiction in this case rests in the federal Fair Labor Standards Act. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In any civil action of which the district courts have original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As such, we permitted plaintiffs' two

Pennsylvania Wage Law claims to proceed under supplemental jurisdiction. At this juncture, however, upon the dismissal of the single claim over which we have original jurisdiction, we decline to retain supplemental jurisdiction over the remaining state claims. We find that the issues that remain in this action are more appropriate for a state court to decide. See <u>Carlsbad Technology, Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 640 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary). As such, we will dismiss Count II and Count III of plaintiffs' complaint.

**Conclusion**

We find that plaintiffs' FLSA claim is barred by a two year statute of limitations, thus we do not have jurisdiction to hear this claim. We decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, we will dismiss this case in its entirety, without prejudice to plaintiffs pursuing their state law causes of action in Pennsylvania courts.

**BY THE COURT:**

**Date: March 27, 2018**      **s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**